[Civ. No. 6432. Second Appellate District, Division One.—March 20, 1931.]

CECIL E. REYNOLDS, Respondent, v. GEORGE W. DRYER, as Executor, etc., Appellant.

Dryer, Castle, McConlogue & Richards for Appellant.

Fredericks, Hanna and Morton for Respondent.

YORK, J.—This is an appeal from a judgment in favor of the respondent on a claim against the decedent's estate, which claim was based upon a document (plaintiff's exhibit 1), in words and figures as follows:

"In event of my death I direct my executor, Philip Goodell of Montclair, New Jersey, to pay to Cecil E. Reynolds the sum of Five Thousand Dollars ($5,000.00) in consideration of the transfer to me of lots 492 & 493 in tract 1719 as per map recorded in Book 21 P 162–163 Records of Los Angeles County, California.

"MARION STEELE HALLENBECK.

"Subscribed and sworn to before me this 27th day of June—1917.

"(Seal)                                    CLAIRE LEHMAN,

"Notary Public in and for the County of Los Angeles, State of California."

The record discloses that conveyance was made of the real property to decedent, such conveyance having been duly executed, acknowledged and recorded on the same day,

June 27, 1917. On August 10, 1917, the decedent signed and acknowledged a deed which recited a consideration of $10, transferring said property to the respondent. This deed was not recorded until July 21, 1921. On September 27, 1919, Marion Steele Hallenbeck and respondent were married; on March 30, 1921, decedent filed an action for divorce against respondent, and on September 19, 1921, an interlocutory decree was entered in said action. On October 10, 1927, Marion Steele Hallenbeck died.

Appellant relies upon three points on this appeal: First: Insufficiency of the evidence to sustain the finding of the delivery of plaintiff's exhibit 1. Second: That the finding that the allegations of appellant's second to tenth separate defenses are untrue is against the evidence. Third: That the court erred in permitting respondent to testify that the instrument was in his possession on the date of decedent's death.

The fact that the written instrument, plaintiff's exhibit 1, was in the possession of respondent after the death of the maker of the instrument, was sufficient to constitute proof, *prima facie,* that respondent was the owner thereof. A disputable presumption is a presumption which "may be controverted by other evidence". One of these is: "That things which a person possesses are owned by him." (Code Civ. Proc., sec. 1963, subd. 11.) The respondent did not occupy any position of trust, such as that of an executor, which might create an exception in the application of the presumption relied upon here.

As to point two, there was sufficient evidence to support the said findings.

As to the third point, that the court erred in permitting respondent to testify that the instrument was in his possession on the date of decedent's death, there is nothing to show that this evidence referred to anything other than after the decedent's death. The inhibition (Code Civ. Proc., sec. 1880) is only against the claimant testifying to matters of fact that occurred *prior to the death of the decedent,* and it does not appear that this evidence refers to any time *prior* to the death of the decedent.

Much of the argument of the appellant is that the respondent failed to put in evidence certain things which he was precluded by law from testifying to himself. When the

document, plaintiff's exhibit 1, was filed and it was shown that this document was in the possession of the claimant and was actually produced by him, it was presumed to be owned by him (in the absence of any evidence to the contrary), and it would have taken some evidence to prove that the conveyance by decedent to respondent of the real property, referred to herein, and its acceptance by him, was a discharge of this written obligation.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.